JEFF H. GRANT (SBN 218974)
   jgrant@foxrothschild.com
MATTHEW R. FOLLETT (SBN 325481)
   mfollett@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

ANDREW S. HANSEN (*Pro Hac Vice*)
   ahansen@foxrothschild.com
KATHERINE GENESER (*Pro Hac Vice*)
   kgeneser@foxrothschild.com
FOX ROTHSCHILD LLP
33 South 6th Street, Suite 3600
Minneapolis, MN 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

Attorneys for Defendant
*Sleep Number Corporation*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE EVANS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>           Plaintiff,<br><br>   v.<br><br>SLEEP NUMBER CORPORATION,<br><br>           Defendant. | Case No. 1:24-CV-01136-KES-SAB<br><br>**DEFENDANT'S PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

There is no dispute that Plaintiff's claims sound in fraud and are subject to the heightened pleading standard of Rule 9(b). But the conclusory assertions in Plaintiff's Amended Complaint do not provide the requisite particularity to plausibly allege that Sleep Number engaged in a scheme to deceive consumers by intentionally and perpetually presenting a fictious strike-through price to falsely claim Products were on sale. Rule 9(b) requires Plaintiff to allege enough of a factual basis, with particularity, to plausibly allege any fraud, a requirement meant to prevent plaintiffs from unilaterally imposing an enormous social and economic cost on defendants, defendants' reputations, and the court via the litigation of meritless claims. If the sparse support Plaintiff provides is found to satisfy this pleading standard, then any company that offers discounts during sales events will be subject to meritless fraud claims and months of discovery and motion practice, creating baseless costs for companies and logjams for courts. Because of this important gatekeeping function, and to prevent opening the proverbial flood gates, courts routinely dismiss complaints sounding in fraud that are as similarly unsupported as Plaintiff's is here.

Therefore, and pursuant to Fed. R. Civ. P. 72(b), E.D. Cal. Local Rule 303, and 28 U.S.C. § 636(b)(1), Defendant Sleep Number Corporation ("Sleep Number") respectfully submits this Partial Objection to Magistrate Judge Boone's April 11, 2025 Findings and Recommendations Recommending Granting Defendant's Motion to Dismiss (the "Findings and Recommendations"), Dkt. 30. Though Sleep Number agrees with most of the Findings and Recommendations, it respectfully objects to the finding that Plaintiff has satisfied the heightened pleading requirements of Fed. R. Civ. P. 9(b), (Dkt. 30 at 5, 7–16) and to the recommendation that Plaintiff be given leave to amend. (*See* Findings and Recommendations §§ III(B), V.)

**I.    BACKGROUND.**

Plaintiff is an individual who purchased a Sleep Number C2 360 Smart Bed mattress (the "Mattress") from a Sleep Number store in Bakersfield, California, on February 25, 2023. (Dkt. 15, Am. Compl. ¶¶ 11–12.) Plaintiff purchased the Mattress "for a purported sale price of $719.20." (*Id.* ¶ 12.) Plaintiff alleges that this sale price was not legitimate and

that the advertised strike-through price for which she purchased the Mattress was not the prevailing market price in the three months immediately prior to her purchase. (Dkt. 19-1, Def.'s Mot. Dismiss Am. Compl. at 3, 6.)

Based on her single purchase, and allegations of a handful of sales over a three-year period, almost exclusively during well-known sales periods—and only two holiday sales during the three months preceding Plaintiff's purchase—Plaintiff makes the sweeping and conclusory allegation that Sleep Number "intentionally misleads consumers as to the quality and value of [all] its mattresses available in its brick-and-mortar and online stores . . . through its deceptive sales tactics." (Dkt. 15, Am. Compl. ¶ 3.) Accordingly, Plaintiff seeks to maintain a class action lawsuit on behalf of all California consumers who purchased **any** Sleep Number product during a multi-year period. (*Id.* ¶¶ 45–46.) Plaintiff alleges violations of California consumer protection statutes including the Consumers Legal Remedies Act ("CLRA"), the False Advertising Law ("FAL"), and the Unfair Competition Law ("UCL"). (*See id.* ¶¶ 54–99.) Plaintiff also alleges common-law fraud. (*Id.* ¶¶ 100–104.) The parties do not dispute that the heightened pleading requirement of Rule 9(b) applies to each of Plaintiff's statutory and common-law fraud claims.

Even after an initial amendment to address deficiencies in her original complaint, (*see* Dkts. 14–15), Plaintiff's factual support for her wide-reaching allegations remains minimal and her allegations are still not pleaded with the requisite particularity. Specifically, for the 90 days preceding her purchase, Plaintiff alleges **only two days** of sales from (i) Black Friday and (ii) a few days before Christmas—periods widely known for consumer discounts. (Dkt. 19-1, Def.'s Mot. Dismiss Am. Compl. at 1, 6–7.) Plaintiff includes internet archival screenshots of sales on the C2 bed for just **five** other dates between September 7, 2021 and May 9, 2024. (*See generally* Dkt. 15, Am. Compl.) These seven screenshots—which represent less than one percent of the dates in the relevant time period—are insufficient to establish **or even suggest** that the C2 bed was perpetually on sale, as Plaintiff alleges. From this minimal factual support, Plaintiff asks the Court to make

1  the unreasonable inference that Sleep Number's products were perpetually on sale in violation of California's consumer protection statutes. (*Id.*)

On January 16, 2025, the District Court referred Sleep Number's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") to Magistrate Judge Boone. (Dkt. 20.) The parties appeared before Magistrate Judge Boone to argue Sleep Number's Motion on March 19, 2025. The Court issued the Findings and Recommendations on April 11, 2025. (Dkt. 30, Findings and Recommendations.) In the Findings and Recommendations, the Court determined that Plaintiff "has alleged with particularity fraudulent misconduct insofar as her claims sound in fraud," but that "Plaintiff nonetheless has failed to state a claim for which relief can be granted with all her causes of action." (Dkt. 30, Findings and Recommendations at 5–16.) In recommending that Sleep Number's Motion be granted, the Court correctly found that Plaintiff lacked standing for her claims and failed to sufficiently plead damages or otherwise show that she was entitled to relief. (*Id.*)

Though Sleep Number largely agrees with the Findings and Recommendations, Sleep Number files this limited objection to the Court's conclusions regarding whether Plaintiff satisfied its burden under Fed. R. Civ. P. 9(b) and the recommendation that Plaintiff be given leave to amend.

**II.   ARGUMENT.**

"[W]hen a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(C) and citing Fed. R. Civ. P. 72(b)(3).) *See also* E.D. Cal. L.R. 304.

Plaintiff's averments of fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (noting only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). That is, the circumstances constituting the alleged fraud must be "specific" and "accompanied by 'the who, what, when, where, and how' of the misconduct charged" and "must set forth

1    *more* than the neutral facts necessary to identify the transaction," i.e., "must set forth what
2    is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*,
3    317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th
4    Cir. 1997) (emphasis in original) (internal quotation marks omitted); *Decker v. GlenFed,*
5    *Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994)).

6           Rule 9(b) serves at least two additional purposes beyond placing defendants on
7    notice: to "protect those whose reputation would be harmed as a result of being subject to
8    fraud charges" and to "prohibit [] plaintiff[s] from unilaterally imposing upon the court, the
9    parties and society enormous social and economic costs absent some factual basis." *Kearns*
10   *v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec.*
11   *Litig.*, 89 F.3d 1399, 1405 (9th Cir.1996) and holding Rule 9(b) applies to fraud based
12   claims, including CLRA and UCL claims). Indeed, as addressed in Sleep Number's Motion,
13   (Dkt. 19-1, Def.'s Mot. Dismiss Am. Compl. at 4–5), the heightened pleading requirement
14   of Fed. R. Civ. P. 9(b) is meant "to protect defendants from factually baseless claims of
15   fraud inasmuch as it is meant to give defendants notice of the claims asserted against them."
16   *W. Pac. Elec. Co. Corp. v. Dragados/Flatiron*, No. 118CV00166LJOBAM, 2018 WL
17   2088276, at *2 (E.D. Cal. May 4, 2018).

18          Therefore, to survive a motion to dismiss, Plaintiff's factual allegations must allege
19   circumstances constituting fraud with particularity which "raise a right to relief above the
20   speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). ***Conclusory***
21   ***statements and naked assertions are insufficient***; a complaint must "state a claim to relief
22   that is plausible on its face." *Id.* at 570; s*ee also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
23   The Ninth Circuit has clarified that, where a plaintiff's explanation is *possible* rather than
24   plausible, they must allege "[s]omething more . . . such as facts tending to exclude the
25   possibility that the alternative explanation is true." *In re Century Aluminum Co. Sec. Litig.*,
26   729 F.3d 1104, 1108 (9th Cir. 2013) (finding a common sense explanation for allegations
27   that did not result in liability was not excluded and thus allegations did not meet plausibility
28   standard); *see also Integra Med Analytics, LLC v. Providence Health & Servs.*, 854 F. App'x

840, 844 (9th Cir. 2021) (holding that because plaintiff offered only a "possible" explanation, it was required to "rule out an obvious alternative explanation" for the conduct at issue to plausibly be considered fraudulent).

Here, Plaintiff's Amended Complaint fails to state with particularity the circumstances constituting fraud that would give rise to a non-speculative, plausible inference that Sleep Number's products were always on sale. Because the Court failed to consider at least one crucial aspect of Fed. R. Civ. P. 9(b)—namely, that the Rule also exists to protect defendants from unmeritorious claims—the Finding and Recommendations on Plaintiff's satisfaction of Fed. R. Civ. P. 9(b)'s heightened pleading standard are incorrect and should be reviewed. As Plaintiff has already had the opportunity to cure deficiencies in her Amended Complaint, and because it is unclear how Plaintiff could fix her pervasive problems with her lack of standing and lack of harm, she should not be given leave to submit a second amended complaint.

### A.   The Court Failed to Consider the Multiple Purposes of Fed. R. Civ. P. 9(b).

Plaintiff has provided little more than conclusory allegations regarding Sleep Number's pricing practices. In the Findings and Recommendations, the Court held that, through her conclusory allegations, Plaintiff "sufficiently pleaded the who, what, where, when and how of the alleged misconduct at least insofar as to the timeframe of the three months prior to Plaintiff's purchase." (Dkt. 30, Findings and Recommendations at 8.) The Court further held that Plaintiff did "not need to provide in her complaint *evidence* in order to survive a motion to dismiss, even under Rule 9(b)." (*Id.*) In drawing this conclusion, the Court misstates both Sleep Number's argument and the applicable law. Though Plaintiff need not provide *evidence* at the motion to dismiss stage, she must provide more than mere conclusory allegations in support of her claims. Indeed, she is required to establish the "'who, what, when, where, and how' of the misconduct alleged" with particularity as to each element. *See Vess*, 317 F.3d at 1106; *see also PerkinElmer Health Scis., Inc. v. Excelbis Labs LLC,* No. 820CV00527MCSADSX, 2021 WL 1234881, at *3 (C.D. Cal. Feb.

5
DEFENDANT'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

5, 2021) (dismissing complaint that failed to establish the "how" element with particularity); *Paredes v. Univ. of Phoenix*, No. 514CV02554SVWSPX, 2015 WL 13914985, at *2 (C.D. Cal. Mar. 23, 2015) (dismissing complaint that described only "most of the circumstances with particularity").

Plaintiff has not—and cannot —clear this hurdle. Plaintiff alleges that "[o]n information and belief, Defendant's Products were on sale from the advertised strike-through price or at least 36 months and perpetually for periods exceeding three months," including "[a]t a minimum, for at least three months immediately preceding Plaintiff's purchase of the Products." (Dkt. 15, Am. Compl. ¶ 6; *see also* ¶¶ 38–44 (section titled "Fed. R. Civ. P. 9(b) Allegations," which states that "[f]or at least 90 consecutive days immediately prior to Plaintiff's purchase date, Defendant intentionally presented the Products with a fictitious strike-through reference price accompanied by a purported discount amount.").

Allegations based on "information and belief" are limited to circumstances "where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Dufresne v. JP Morgan Chase Bank, NA*, No. 119CV00777DADEPG, 2019 WL 4318544, at *4 (E.D. Cal. Sept. 12, 2019), *report and recommendation adopted sub nom. Dufresne v. JPMorgan Chase Bank, N.A.*, No. 119CV00777DADEPG, 2019 WL 6727581 (E.D. Cal. Dec. 11, 2019) (quoting *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)). Here, the Court appeared to "relax" the standard applied to Plaintiff's proceedings based on a mistaken understanding that the facts necessary to support the claims were "peculiarly within the opposing party's knowledge." *See* Dkt. 30, Findings and Recommendations at 7 (this Court noting the relaxed standard); *but see Cazares v. City of El Centro*, No. 320CV01571BENRBM, 2021 WL 807680, at *6 (S.D. Cal. Mar. 3, 2021) (acknowledging relaxed standard when information is "peculiarly within the opposing party's knowledge" and dismissing plaintiff's allegations as deficient, with prejudice, when information was accessible or known to pleader) (internal citations omitted).) The rule should not be relaxed

1  here because Plaintiff has not demonstrated that the facts necessary to support her claim are
2  exclusively within Sleep Number's control or otherwise unavailable to her at this time. Nor
3  could she. The information relevant to whether the Products were on sale was publicly
4  available on Sleep Number's website and is still publicly available (e.g., internet archival
5  screenshots). In fact, Plaintiff relies on the publicly available internet archive and website
6  screenshots. (*See* Dkt. 15, Am. Compl. ¶ 6, Figs. 3–9.)

7  Moreover, Plaintiff's allegations do not make the inference of culpability plausible.
8  Plaintiff provides allegations that the C2 was on sale ***just twice*** in the 90-day period
9  proceeding Plaintiff's purchase, on Black Friday and just a couple days before Christmas.
10  (*Id.*, Figs. 4–5; *supra* Background Section I; *see also* Dkt. 30, Findings and
11  Recommendations at 8 (this Court finding Plaintiff has "included at least two relevant
12  screenshots . . . from the relevant timeframe").) Plaintiff also provides allegations that the
13  C2 was on sale ***just five*** other times, or ***less than 1%***, during the three-year putative class
14  period. (*See supra* Background Section I.) The commonsense explanation for this is that the
15  bed was on sale during well-known sales periods. (*See* Dkt. 19-1, Def.'s Mot. Dismiss Am.
16  Compl. at 6–7.) Plaintiff has offered nothing to exclude this explanation nor explained why
17  these limited sales during well-known sales periods are, or should be considered, false.
18  Allegations that a product was on sale twice in 90 days or seven times in three years does
19  not plausibly support an inference that the Products were always on sale during these
20  periods. The lack of allegations showing the price of the Products on any other day should
21  not and cannot give rise to an inference of fraud or culpability.

22  Indeed, the Amended Complaint provides far less substantiation than what previous
23  courts have deemed sufficient to meet the heightened pleading standard in similar consumer
24  protection class actions. In *Knapp v. Art.com, Inc.*, for example, plaintiffs provided *months*
25  of daily updates demonstrating that the products at issue had been advertised as on sale. No.
26  16-CV-00768-WHO, 2016 WL 3268995, at *1, 5 (N.D. Cal. June 15, 2016); Compl., *Knapp*
27  *v. Art.com*, 3:16-cv-00768, at 12–18 (N.D. Cal. Feb. 16, 2016). Similarly, in *Vizcarra v.*
28  *Michaels Stores, Inc.*, which this Court relies on, the court determined that the plaintiff had

sufficiently met the Fed. R. Civ. P. 9(b) threshold by providing *dozens* of examples of the same purported 20% off sale *every month* over the course of *multiple years*. 710 F. Supp. 3d 718, 722–23, 729 (N.D. Cal. 2024); *see also* Dkt. 24, Def.'s Reply in Support of Mot. to Dismiss Am. Compl. (collecting additional cases where plaintiffs plead more aggressive sales tactics or more fulsome pre-suit investigations)).

By contrast, courts routinely find that conclusory statements without more, similar to Plaintiff's here, are insufficient to meet the heightened pleading standards established by Fed. R. Civ. P. 9(b). *See, e.g.*, *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (granting motion to dismiss claims under UCL, CLRA, and FAL that relied upon "vague and conclusory" allegations); *Rael v. Dooney & Bourke, Inc.*, No.16CV0371 JM (DHB), 2016 WL 3952219, at *3 (S.D. Cal. July 22, 2016) (granting motion to dismiss complaint for allegedly false pricing that relied on "say-so and conclusory allegations instead of facts"); *Spann v. J.C. Penney Corp.*, No. SACV120215FMORNBX, 2014 WL 12634887, at *4 (C.D. Cal. Feb. 21, 2014) ("Plaintiff's conclusory allegations that defendant 'has gone back to its false price comparisons which violate California law' and that it 'continues to violate' state law are insufficient to state a cognizable cause of action.") (internal citations omitted).

As discussed *supra*, Plaintiff relies upon little more than conclusory allegations and a handful of screenshots across a several-year period to make the bald assertion that the Products were perpetually on sale for 36 months and at least for the 90 days preceding Plaintiff's purchase. Plaintiff's allegations do not reasonably support these assertions and Plaintiff's say-so does not change conclusory allegations into fact. Despite already taking the opportunity to amend her complaint to add sufficient allegations, stated with particularity, Plaintiff has still missed the mark. As demonstrated by Plaintiff's inclusion of internet screenshots throughout her Amended Complaint, Plaintiff has access to the information she would need to support her allegations as plausible, if it were possible to do so. Her reliance, instead, on mere conclusory allegations demonstrates that her claims are not substantiated.

In the Findings and Recommendations, the Court overlooked the crucial gatekeeping function of Fed. R. Civ. P. 9(b), especially when it comes to consumer class actions. Indeed, if a Plaintiff is allowed to pursue sweeping class action claims against commercial defendants with such threadbare allegations, the floodgates of litigation would be opened and denigrate the purpose of the consumer protection statutes and the heightened pleading standard. Under the standard proposed by the Court, nearly any consumer could purchase a product following one or more sales events, generally allege that such sale was illegitimate, and successfully bring a class action lawsuit past the motion to dismiss stage. Rule (9b) exists to protect defendants—and the Court—from litigating meritless claims of fraud. The Amended Complaint does not meet this bar, and allowing the Court's recommendation to stand would impermissibly relax pleading standards for class action litigants.

### B. Further Amendment Would be Futile.

Finally, Plaintiff should not be given leave to amend because doing so would be futile. As the Court found, Plaintiff lacks standing to pursue injunctive relief because she "alleged that she is now aware of Defendant's purported strike-through reference pricing, which necessarily means she knows of the alleged danger and cannot be fraudulently induced to purchase a mattress from Defendant in the future." (Dkt. 30, Findings and Recommendations at 6.) Further, the Court recognized that Plaintiff failed to allege any actual damages because she failed to even allege that the price she "actually paid for the mattress deviated from the market value." (*Id.* at 16.) And, as discussed above, *supra* II(A), Plaintiff's prior amendment—despite access to publicly available information—did not resolve her failure to meet Fed. R. Civ. P. 9(b). It is unclear how Plaintiff could remedy these pervasive deficiencies with further amendment, and therefore, amendment should be denied as futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing futility of amendment as grounds to deny leave to amend); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("We conclude that the plaintiffs cannot cure the basic flaw in their pleading. Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment.") Defendant respectfully objects to the Court's

recommendation that Plaintiff be given leave to amend because her lack of standing and damages are threshold issues that would not be resolved by further amendment.[1]

### III.   CONCLUSION.

For the reasons discussed herein, Sleep Number lodges this narrow objection to the Findings and Recommendations. The Court should adopt the Findings and Recommendations as drafted, with the limited exception of the Court's findings on Plaintiff's satisfaction of Fed. R. Civ. P. 9(b) and the recommendation that Plaintiff be granted leave to amend, which must be reviewed *de novo*.

Dated: April 25, 2025                    FOX ROTHSCHILD LLP

                                         By: */s/ Andrew S. Hansen*
                                             Andrew S. Hansen

                                         Attorneys for Defendant
                                         *Sleep Number Corporation*


### CERTIFICATION OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the foregoing *Defendant's Partial Objection to the Magistrate Judge's Findings and Recommendation* using the Court's CM/ECF system, which will effectuate service on all counsel of record.

Dated: April 25, 2025                    */s/ Andrew S. Hansen*
                                         Andrew S. Hansen

---

[1] It is additionally unclear how Plaintiff could resolve the other pleading deficiencies within the Amended Complaint. Having already been given the chance to bolster her allegations and failing to do so, suggests that Plaintiff's factual basis for both her individual and class action claims remains lacking.