**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
         lsironski@bursor.com
         jwilner@bursor.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE EVANS, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br>     v.<br><br>SLEEP NUMBER CORPORATION,<br><br>                              Defendant. | Case No. 1:24-CV-01136-KES-SAB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

1  Plaintiff June Evans ("Plaintiff") respectfully submits this Opposition to Defendant Sleep Number Corporation's ("Defendant") Objection to the Magistrate Judge's Findings and Recommendations (Dkt. No. 31) (the "Objection").

## INTRODUCTION

Defendant's Objection should be denied. Defendant's Objection identifies no clear error nor any finding that is contrary to law, and simply repeats arguments already thoroughly considered and rejected by Magistrate Judge Boone.

Specifically, Defendant's entire Objection is based on the contention that Plaintiff did not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) and thus Plaintiff should not be granted leave to amend her complaint. Objection at 1. Further, Defendant seemingly asks the Court to set a new pleading standard beyond sufficiently and plausibly alleging facts. Objection at 5 ("[T]he Findings and Recommendations on Plaintiff's satisfaction of Fed. R. Civ. P. 9(b)'s heightened pleading standard are incorrect and should be reviewed…In the Findings and Recommendations, the Court held that, through her conclusory allegations, Plaintiff 'sufficiently pleaded the who, what, where, when and how of the alleged misconduct at least insofar as to the timeframe of the three months prior to Plaintiff's purchase.'"). It is unclear what beyond specifics of "the who, what when, where, and how of the misconduct charged" would satisfy Defendant's definition of particularity and rise above conclusory. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (finding that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). *See* Objection at 1. *But see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Yet, Defendant does not stop there. It goes as far as to suggest Judge Boone's ruling (Dkt. No. 30) ("Findings and Recommendations") should be set aside "because the Court failed to consider at least one crucial aspect of Fed. R. Civ. P. 9(b)" in its rationale for its findings. Objection at 5. However, Defendant's attempt to impose this purported requirement in the Court's rationale does not rise to the level of clear error *See* Fed. R. Civ. P. 72(a). Accordingly, Defendant fails to meet the demanding standard. *See id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

1

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Objection in its entirety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72 provides that "[t]he district judge in the case must consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *Aldapa v. Fowler Packing Co., Inc.*, 2019 WL 2635947, at *2 (E.D. Cal. June 27, 2019). The clearly erroneous standard is "significantly deferential[.]" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. at 622 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).

## ARGUMENT

### I. DEFENDANT'S OBJECTION SHOULD BE DENIED BECAUSE IT IS BASED SOLELY ON ARGUMENTS ALREADY PRESENTED TO AND REJECTED BY JUDGE BOONE

Defendant's Objection must be denied. Defendant already argued that Plaintiff does not meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See generally* Objection (Plaintiff's "conclusory assertions" do not provide requisite particularity); *and compare* Dkt. No. 19 at 10 (Defendant's Motion to Dismiss Plaintiff's Amended Complaint) ("As with the statutory claims, Plaintiff's Amended Complaint fails for lack of particularity."), and Dkt. No. 24 at 4-8 (Defendant's Reply ISO Motion to Dismiss Plaintiff's Amended Complaint) ("All three of Plaintiff's statutory claims, as well as her common-law fraud claim, fail to meet Rule 9(b)'s heightened standard."). However, Judge Boone found that "Plaintiff has sufficiently pleaded the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

2

who, what, where, when and how of the alleged misconduct at least insofar as to the timeframe of three months prior to Plaintiff's purchase." *See* Findings and Recommendations at 8. Judge Boone has already considered and rejected Defendant's argument that Plaintiff has not pleaded her allegations with particularity. *See id.*; *and compare* Dkt. No. 24 at 4-8.

Defendant has simply repeated legal conclusions that show nothing more than disagreement with this Judge Boone's decision. Thus, Defendant's recitation of the same arguments falls woefully short of the standard for review and should be denied because Defendant does not show that Judge Boone committed clear error or that his findings were contrary to applicable law. *Aldapa v. Fowler Packing Co., Inc.*, 2019 WL 2635947, at *2 (E.D. Cal. June 27, 2019).

### II.  JUDGE BOONE DID NOT COMMIT "CLEAR ERROR" IN FINDING PLAINTIFF SATISFIED RULE 9(b)'S HEIGHTENED PLEADING STANDARD

To the extent the Court is inclined to entertain Defendant's repeated arguments, Defendant has failed to show that this Court committed clear error in applying the law to the facts of this case. *See* Objection at 6 ("the Finding and Recommendations on Plaintiff's satisfaction of Fed. R. Civ. P. 9(b)'s heightened pleading standard are incorrect and should be reviewed"). Defendant argues Judge Boone misstates the applicable law in finding that Plaintiff established her allegations with particularity. Objection at 5. *See* Findings and Recommendation at 7-8. Specifically, Defendant contends that Plaintiff's allegations are based on "information and belief." Objection at 6. However, Defendant mischaracterizes or misunderstands Plaintiff's allegations, because Plaintiff alleges with particularity facts based on *her own* experience in purchasing Defendant's product and provides sufficient evidence to substantiate and make plausible her allegations that Defendant engaged in deceptive pricing tactics for at least 90 days preceding her purchase. *See* Dkt. No. 15 (Plaintiff's First Amended Complaint ("FAC"), at ¶¶ 12-14, 39-44).

Defendant mischaracterizes Plaintiff's allegations as "conclusory assertions," with "sparse support," and "meritless fraud claims." Objection at 1. As such, Defendant maintains that Plaintiff has not sufficiently pleaded the who, what, where, when, and how of the alleged misconduct. Objection at 5. However, Plaintiff clearly alleges with sufficient particularity the alleged misconduct. *See* Dkt. No. 15 (FAC, at ¶¶ 39-44) (Plaintiff specifies the "who, what, when, where,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

3

and how" of Defendant's deceptive sales practices regarding the product for at least 90 days immediately prior to her purchase), Dkt. No. 23 (Plaintiff's Opposition to Defendant's Motion to Dismiss, at 5-6). Moreover, contrary to Defendant's arguments, the Court did not "relax" the standard for Plaintiff's allegations, which are again based on her own experience and also based on information and belief. Objection at 6. Instead, the Court followed well-reasoned precedent determining that when a party moves to dismiss for failure to state a claim under Rule 12(b)(6), a Court generally accepts as true all well-pleaded material facts and draws all reasonable inferences in favor of the plaintiff. *Faulkner v. ADT Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

Defendant fixates on the number of screenshots in Plaintiff's complaint to argue that the evidence Plaintiff provides falls short of what other courts have deemed sufficient to meet the heightened pleading standard in similar consumer protection class actions. Objection at 7-8. However, Plaintiff provides ample information about her specific purchase, noting that she purchased "a full-size C2 360 Smart Bed mattress[] from Defendant's Bakersfield, California store" on February 25, 2023, "for a purported sale price of $719.20" and that displayed an "original, strike-through price of $899.00, representing that Plaintiff would have a 'Total Savings [of] $179.80." FAC ¶ 12. Plaintiff also alleges that the false sales tactics Defendant used in its online store are the same as those it used in its brick-and-mortar stores — thus Defendant's online sales and pricing are substantially similar to what Plaintiff saw when she made her purchase. FAC ¶ 37. Plaintiff further provides additional details, including numerous screenshots, pertaining to an investigation into Defendant's pricing scheme through a "digital archive of the internet," that shows that Defendant did not sell its Products at the advertised strike-through price from at least September 2021 through September 2024, which includes a period of at least three months immediately prior to when Plaintiff made her purchase. *Id*. ¶¶ 6-7, 32. This investigation included analyzing the historical pricing of the Products, including Plaintiff's Product for a period before Plaintiff's purchase date, for the three months prior to Plaintiff's purchase date, a period for several months after Plaintiff's purchase date, and sale history for several months prior to the filing of this action. *Id*. Figs. 3-9.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

4

Additionally, at the pleading stage, to plausibly establish that the alleged "former price" is not the prevailing market price, it is sufficient for Plaintiff to allege that Defendant "consistently sells its products at prices significantly ... lower" than its purported, non-existent, former prices. *Knapp v. Art.com, Inc.*, 2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016); s*ee also People v. Superior Ct.*, 34 Cal. App. 5th 376, 416–17 (2019). Nothing more is required at this stage in the litigation. *See Knapp*, 2016 WL 3268995 at *5.

Defendant attempts to create a false sense of calamity with respect to the Court's finding. Objection at 9. Defendant would have the Court deviate from established precedent regarding Rule 9(b)'s standard at the pleading stage to bar Plaintiff's claims. *Id*. *But see Minor v. Favorite World, LLC,* 2024 WL 4834951, at *3 (C.D. Cal. Sept. 17, 2024) ("Defendant argues that Plaintiffs have failed to meet the particularity requirements for Rule 9(b) for their CLRA claim. However, Plaintiffs have sufficiently alleged the "who, what, when, where, and how" of Defendant's allegedly misleading pricing scheme for the pleading stage. Similarly, the Court concludes that Plaintiffs' allegations related to their UCL claim 'are specific enough to give [Defendant] notice of the particular misconduct ... so that [it] can defend against the charge'"); *see also Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *4 (N.D. Cal. Mar. 28, 2024) ("Phillips thus satisfies Rule 9(b), as he has pled 'sufficient detail to put [Brooklyn Bedding] on notice' to respond to the alleged fraud."); *see also Rubenstein v. Neiman Marcus Group LLC*, 687 F.App'x 564, 567 (9th Cir. 2017) (plaintiff satisfied Rule 9(b) when she alleged that "she purchased products with Compared To price tags in a Last Call store in Camarillo, California (the 'Where'), on July 21, 2014 (the 'When')[, and] that Neiman Marcus (the 'Who'), through its use of those Compared To price tags (the 'What'), misled consumers into believing that the Compared To prices were charged by either Neiman Marcus or other merchants in the vicinity for comparable products (the 'How')"); *Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747 (N.D. Cal. Jan. 5, 2024) (holding that allegations that the defendant's "products are always on sale and customers never have to pay the listed 'regular' price ... suffice at the pleadings stage."). The Court's finding that Plaintiff pleaded her allegations with sufficient particularity was not in error. Defendant fails to establish that Judge Boone's findings are clear error or contrary to law as required by Fed. R. Civ. P. 72(a).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

5

### III. AMENDMENT WOULD NOT BE FUTILE

Defendant contends that Plaintiff should not be given leave to amend because doing so would be futile. Objection at 9. The Court found Plaintiff's pleading lacking regarding the remedies she is entitled to and ruled that leave to amend could address those deficiencies. Findings and Recommendations at 10-16. Plaintiff believes in good faith she can plead additional factual material that could satisfy the legal standards and deficiencies identified in Judge Boone's ruling. *See id*. at 17. Thus, amending the complaint would allow Plaintiff to resolve the issues specified by the Court.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Request for Reconsideration of the Magistrate Judge's Ruling.

Dated: May 2, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:  */s/ L. Timothy Fisher*
    L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Luke Sironski-White (State Bar No. 348441)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
           lsironski@bursor.com
           jwilner@bursro.com

**SINDERBRAND LAW GROUP, P.C.**
Greg Sinderbrand (State Bar No. 179586)
2829 Townsgate Road, Suite 100
Westlake Village, CA 91361
Telephone: (818) 370-3912
E-mail: greg@sinderbrandlaw.com

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS
CASE NO. 1:24-CV-01136-KES-SAB

6